**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SCANTON TECHNOLOGIES, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 6:21-cv-01238** |
| **v.** | ) | |
| | ) | |
| **EVERSPIN TECHNOLOGIES, INC.** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Scanton Technologies, LLC ("Scanton") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 7,742,333 ("the '333 patent") (referred to as the "Patent-in-Suit") by Everspin Technologies, Inc. ("Everspin").

## I. THE PARTIES

1. Plaintiff Scanton is a Texas Limited Liability Company with its principal place of business located at 3333 Preston Road STE 300 - 1050, Frisco, TX 75034.

2. On information and belief, Everspin is a corporation organized and existing under the laws of the state of Delaware, with a place of business located at 4030 W Braker Ln bldg. 3 suite 360, Austin, TX 78759. On information and belief, Everspin sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Everspin can be served with process at its registered agent, _______________ or anywhere else it may be found.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has (1) "a physical place in the district;" (2) that is "regular and established;" and (3) is a "the place of the defendant."  Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

### A. Infringement of the '333 Patent

6. On June 22, 2010, U.S. Patent No. 7,742,333 ("the '333 patent", included as an attachment and part of this Complaint) entitled "Magnetic Memory Device Using Domain Structure and Multi-State of Ferromagnetic Material" was duly and legally issued by the U.S. Patent and Trademark Office.  Scanton owns the '333 patent by assignment.

7. The '333 patent provide an apparatus and associated systems and methods for a memory device using a multi-domain state of a semiconductor material.

8. Everspin designs, manufactures, markets and sells memory devices including, but not limited to, the Everspin Tech STT-MRAM system, that infringe one or more claims of the '333 patent, including one or more of claims 1-8, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '333 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

| US7742333B2 | Everspin STT-MRAM ("The accused product") |
| --- | --- |
| 2. A magnetic memory device using a domain structure and multi-state of a ferromagnetic material comprising: | The accused product manufactures a magnetic memory device (e.g., magnetic random-access memory) using a domain structure (e.g., MTJ structure) and multi-state (e.g., high resistance state and low resistance state depending on magnetic orientation) of a ferromagnetic material (e.g., free layer).<br><br>Home > Quality & Reliability > Spin-transfer Torque MRAM Technology<br><br>Spin-transfer Torque MRAM Technology<br><br>Free Layer<br>Tunnel Barrier<br>Fixed Layer<br>Spin Torque MRAM<br>- Non-volatile<br>- Very high endurance<br>- Fast writes<br><br>https://www.everspin.com/spin-transfer-torque-mram-technology |

| | |
|---|---|
| | STT stands for Spin-Transfer Torque. In an STT-MRAM device, the spin of the electrons is flipped using a spin-polarized current. This effect is achieved in a magnetic tunnel junction (MTJ) or a spin-valve, and STT-MRAM devices use STT tunnel junctions (STT-MTJ). A spin-polarized current is created by passing a current though a thin magnetic layer. This current is then directed into a thinner magnetic layer which transfers the angular momentum to the thin layer which changes its spin.<br><br><br>https://www.mram-info.com/stt-mram |
| a substrate; | The accused product comprises a substrate (e.g., wafer substrate).<br><br><br>https://www.eenewsanalog.com/news/everspin-pulls-back-1gbit-mram |

| | |
|---|---|
| | <br>https://www.mram-info.com/stt-mram |
| first current lines formed on the substrate; | The accused product comprises first current lines (e.g., Bottom electrode or word line) formed on the substrate (e.g., wafer substrate).<br><br>https://www.theregister.com/2015/08/17/filling_void_between_fast_expensive_dram_slow_cheaper_flash/ |

| | |
|---|---|
| | **Figure 4.5:** Schematic illustration of STT-MRAM switching [204]. |
| an insulating film formed on the first current lines; | The accused product comprises an insulating film (e.g., barrier film) formed on the first current lines (e.g., bottom electrode).<br><br>https://www.theregister.com/2015/08/17/filling_void_between_fast_expensive_dram_slow_cheaper_flash/ |
| a ferromagnetic layer formed on the insulating film, and storing and sensing multi-data through | The accused product comprises a ferromagnetic layer (e.g., ferromagnetic Free layer) formed on the insulating film (e.g., barrier film), and storing and sensing multi-data (e.g., sensing multi-data such as one and zero) through a |

| | |
|---|---|
| a planar hall effect or magneto-resistance using a single domain or multi-domain state; | planar hall effect or magneto-resistance (e.g., magneto-resistance) using a single domain (e.g., an MTJ structure) or multi-domain state.<br><br>https://www.theregister.com/2015/08/17/filling_void_between_fast_expensive_dram_slow_cheaper_flash/<br><br>**Figure 4.5:** Schematic illustration of STT-MRAM switching [204]. |

| | |
|---|---|
| an insulating film formed on the ferromagnetic layer; and | The accused product comprises an insulating film (e.g., barrier layer) formed on the ferromagnetic layer (e.g., ferromagnetic Free layer).<br><br><br>https://www.theregister.com/2015/08/17/filling_void_between_fast_expensive_dram_slow_cheaper_flash/ |
| second current lines formed on the insulating film. | The accused product comprises second current lines (e.g., top electrode or bit-line) formed on the insulating film (e.g., barrier layer).<br><br><br>https://www.theregister.com/2015/08/17/filling_void_between_fast_expensive_dram_slow_cheaper_flash/ |

STT stands for Spin-Transfer Torque. In an STT-MRAM device, the spin of the electrons is flipped using a spin-polarized current. This effect is achieved in a magnetic tunnel junction (MTJ) or a spin-valve, and STT-MRAM devices use STT tunnel junctions (STT-MTJ). A spin-polarized current is created by passing a current though a thin magnetic layer. This current is then directed into a thinner magnetic layer which transfers the angular momentum to the thin layer which changes its spin.

https://www.mram-info.com/stt-mram

**Figure 4.5:** Schematic illustration of STT-MRAM switching [204].

10. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

11. Everspin has and continues to induce infringement. Everspin has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., memory systems and products/devices) such as to cause infringement of one or more of claims 1–8 of the '333 patent, literally or under the doctrine of equivalents.  Moreover, Everspin has known of the '333 patent and the technology underlying it from at least the date of issuance of the patent or the date of the filing of this lawsuit.

12. Everspin has and continues to contributorily infringe. Everspin has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., memory systems and products/devices) such as to cause infringement of one or more of claims 1–8 of the '333 patent, literally or under the doctrine of equivalents.  Moreover, Everspin has known of the '333 patent and the technology underlying it from at least the date of issuance of the patent or the date of the filing of this lawsuit.

13. Everspin has caused and will continue to cause Scanton damage by direct and indirect infringement of (including inducing infringement of) the claims of the '333 patent.

## IV.  JURY DEMAND

Scanton hereby requests a trial by jury on issues so triable by right.

## V.  PRAYER FOR RELIEF

WHEREFORE, Scanton prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the '333 patent;

b.  award Scanton damages in an amount sufficient to compensate it for Defendant's infringement of the '333 patent in an amount no less than a reasonable royalty or lost

profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Scanton an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Scanton its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Scanton such other and further relief as this Court deems just and proper.

DATED: November 30, 2021              Respectfully submitted,

                                      RAMEY & SCHWALLER, LLP

                                      */s/William P. Ramey, III*
                                      William P. Ramey, III *(pro hac vice anticipated)*
                                      Texas Bar No. 24027643
                                      Donald Mahoney *(pro hac vice anticipated)*
                                      Texas Bar No. 24046336
                                      5020 Montrose Blvd., Suite 800
                                      Houston, Texas 77006

(713) 426-3923 (telephone)  
(832) 900-4941 (fax)  
wramey@rameyfirm.com  
tmahoney@rameyfirm.com

***Attorneys for Scanton Technologies, LLC***